| STATE OF LOUISIANA | * | NO. 2019-KA-0208 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| JONTERRY A. BERNARD | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 521-734, SECTION "A"
Honorable Laurie A. White, Judge
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*
**ON REMAND FROM THE LOUISIANA SUPREME COURT**

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Tiffany G. Chase)

Leon Cannizzaro
Donna Andrieu
Irena Zajickova
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Holli Herrle-Castillo
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, LA 70073-2333

     COUNSEL FOR DEFENDANT/APPELLANT

          **VACATED AND REMANDED**
          **JULY 01, 2020**

*TGC*
*RLB*
*PAB*

This matter is on remand from the Louisiana Supreme Court pursuant to the United States Supreme Court's recent decision in *Ramos v. Louisiana*, No. 18-5924, 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), 2020 WL 1906545 (holding that jury verdicts in state felony trials must be unanimous). *State v. Bernard*, 2019-0208 (La.App. 4 Cir. 9/18/19), 280 So.3d 718, *writ granted*, 2019-01668 (La. 6/3/20), ___ So.3d___. For the reasons that follow, we vacate Jonterry Bernard's conviction and remand for further proceedings.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Jonterry Bernard (hereinafter "Mr. Bernard") was convicted of two counts of attempted second-degree murder by a ten to two jury verdict. On December 1, 2015, the same day his motion for new trial was denied, Mr. Bernard was sentenced to fifty-years, on each count, to run consecutively, at hard labor, without the benefit of parole, probation or suspension of sentence. This Court affirmed his conviction and remanded the matter for resentencing on other grounds.[1] *Bernard*,

---

[1] This Court found that the "failure of the trial court to observe the statutorily mandated twenty-four hour delay requires that the sentence be vacated and the matter remanded for resentencing." *Bernard*, 2019-0208, p. 8, 280 So.3d at 724.

p. 9, 280 So.3d at 724. Mr. Bernard sought review by the Louisiana Supreme Court. During the pendency of his writ application, the United States Supreme Court issued its ruling in *Ramos*. Thereafter, the Louisiana Supreme Court granted Mr. Bernard's writ application specifically regarding the issue of the non-unanimous jury verdict. *Bernard*, 2019-0208 (La.App. 4 Cir. 9/18/19), 280 So.3d 718, *writ granted*, 2019-01668 (La. 6/3/20), ___ So.3d___.

## **DISCUSSION**

On appeal, one of Mr. Bernard's assignments of error challenged the constitutionality of his conviction for two counts of attempted second-degree murder by a non-unanimous jury verdict. Under *Ramos*, jury verdicts for felony convictions must be unanimous. *Ramos v. Louisiana*, No. 18-5924, 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), 2020 WL 1906545. Since Mr. Bernard's case was pending on direct review when *Ramos* was decided, the United States Supreme Court's decision is applicable. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed. 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"). Therefore, because Mr. Bernard's conviction was based on a non-unanimous jury verdict, his conviction is vacated.

2

## **DECREE**

For the foregoing reasons, Mr. Bernard's conviction for two counts of attempted second-degree murder is vacated and the matter remanded for further proceedings.

**VACATED AND REMANDED**